## WIGGINS CHEMICAL CO. v. BERRY et al.
### No. 4420.

Circuit Court of Appeals, Seventh Circuit.
Feb. 6, 1931.

E. S. Wiggins, of Richmond, Ky., and Dean Lake Traxler, of Chicago, Ill., for appellant.

Robert L. Floyd, of Chicago, Ill., for appellees.

Before ALSCHULER and SPARKS, Circuit Judges, and BALTZELL, District Judge.

BALTZELL, District Judge.

The appellant, Wiggins Chemical Company, challenges the correctness of a decree of the District Court dismissing its bill for want of equity.

The Wiggins Chemical Company is a corporation, organized May 17, 1924. For a number of years prior to that date, one D. C. Wiggins was engaged in the manufacture and sale of "Wiggs Waterless Cleanser." By written contract of October 6, 1924, Wiggins transferred and delivered to appellant his formula for the manufacture of Wiggs waterless cleanser, and other cleansing preparations, together with the stock of goods on hand then owned by him. Wiggins received, as consideration therefor, six hundred shares of the capital stock of the Wiggins Chemical Company. At that time appellee E. C. Berry was the owner of a certain number of shares of the capital stock of the Wiggins Chemical Company, and was its vice president, and as such officer signed the written agreement between D. C. Wiggins and the appellant. Appellant then began the manufacture of Wiggs waterless cleanser and other cleansing preparations, in Cincinnati, Ohio, in which city its plant was located. Appellee E. C. Berry performed certain work in connection with the manufacture of these products at the company's manufacturing plant in Cincinnati, as did also appellee H. T. Berry. Appellant charges that in the manufacture of Wiggs waterless cleanser, and in the regular line of their duties in assisting in the manufacture thereof, the appellees E. C. Berry and H. T. Berry came into the possession of a certain valuable formula constituting a secret process used in the manufacture of Wiggs waterless cleanser. It is further charged by appellant that there was an implied agreement between appellant and appellees Berry that such formula did constitute a secret process which was not to be divulged to any person, and was not to be used by such appellees except in the manufacture of Wiggs waterless cleanser.

Appellee E. C. Berry disposed of his stock in November, 1925, and resigned as a director of appellant company at that time. In April, 1926, appellee H. T. Berry resigned from the employ of appellant. Subsequently, appellees E. C. Berry and H. C. Holbrook became associated in a partnership known as the Berry Chemical & Manufacturing Company, and began the manufacture and sale of a product known as Rex-O waterless cleanser. Appellee H. T. Berry became associated with the Berry Chemical & Manufacturing Company in August, 1926.

It is the contention of appellant that the formula which was used by it in the manufacture of the Wiggs waterless cleanser and other cleansing preparations was the same formula as that used by the Berry Chemical & Manufacturing Company in the manufacture of Rex-O waterless cleanser. Appellant also contends that the formula which was used by it was intrusted to appellees Berry in a confidential manner, to be used by them only in

the manufacture of appellant's products. It is also contended by appellant that the appellees Berry made use of the list of appellant's customers, agents, employees, etc., whose identities were learned by them while in the employ of appellant, in soliciting customers, agents, employees, etc., for the sale of Rex-O waterless cleanser, and in this manner greatly injured appellant's business.

Appellant seeks to enjoin appellees from the use of its formula in the manufacture of Rex-O waterless cleanser, and from directly or indirectly making, using, or selling any products manufactured from its formula or formulæ, and asks for an accounting by appellees for the profits realized from the use of appellant's formula. It also seeks to enjoin appellees from endeavoring to induce its agents or employees to void their contracts with it.

The District Court disposed of this case upon issues of fact. It found, first, that there was no agreement—at the time appellee E. C. Berry severed his connection with appellant—to the effect that he would not again enter into the cleaner business, and consequently he was not barred from again engaging in such a business, and he therefore had a legal right to solicit business from the customers of appellant. It found, second, that the product manufactured by appellees is not the same product as that manufactured by appellant under its so-called secret process. It further found that the so-called secret process of appellant "is a process which the chemist by analysis can determine."

There is contained in the record the testimony of one L. Carlton Mertz, a chemist of more than nine years' experience, with reference to the product manufactured by appellant being capable of analysis. Mr. Mertz' testimony discloses that he has specialized in commercial work in connection with cleaners; that he is a graduate of Western College, Appleton, Wis.; that for the past nine years he has done laboratory, industrial, and technical work; that he is now engaged in the laboratories of the Wrisley Soap Company. His testimony is to the effect that the formula used by appellees in the manufacture of Rex-O waterless cleanser is not the same formula as that used by appellant in the manufacture of Wiggs waterless cleanser. There is no further testimony on the part of any witness, as a chemist, as to whether or not the Wiggs waterless cleanser is capable of analysis.

This court is in accord with the finding of the District Court in that there was no agree-

ment, at the time appellee E. C. Berry severed his connection with appellant company, that he would refrain from engaging in the cleanser business. He therefore had a right to engage in such business and to solicit business from former customers of the appellant. His action in this respect was within his rights under the law.

The formula owned by appellant, and said by it to be a secret process for the manufacture of a waterless cleanser, is not contained within the record. Appellant refused, at the time of the trial in the District Court, to make such formula public by introducing it into the record. However, it did submit such formula to the District Court for its examination and inspection. The record shows that the court examined it, and, after a consideration of all the evidence, found that the process or formula used by appellees in the manufacture of Rex-O waterless cleanser is not the same as that used by appellant. This being a finding of fact, and there being sufficient evidence in the record to justify such finding, and, further, the formula in question not being contained within the record, this court is unable to say that the District Court erred in its finding.

Having thus concluded, it is not necessary to determine the question of whether or not the appellees Berry were bound to keep secret the formula used in the manufacture of Wiggs waterless cleanser, after severing their connection with the Wiggins Chemical Company.

The decree of the District Court dismissing the bill for want of equity is affirmed.